FILED
U.S. District Court
District of Kansas

**MAY 11 2022**

Clerk, U.S. District Court
By_____ Deputy Clerk

U. S. DISTRICT COURT

DISTRICT OF KANSAS

Andy T.L. Williamson        )    Case: 22-2173-TC-ADM
                            )
            Vs              )
                            )
City of Tonganoxie Kansas   )
                            )
                            ) **Jury Trial requested**

## COMPLAINT FOR CIVIL CASE

**I. The parties to this complaint**

  **A. Plaintiff**

  Andy T.L. Williamson

  P.O. Box 11232

  Kansas City, MO 64119

  913-967-9578

  tlone1974@gmail.com

  **B. Defendant**

  City of Tonganoxie Kansas

  526 E.4th Street

  Tonganoxie, Kansas 66086

  913-845-2620

**II. Basis for Jurisdiction**

  The basis of Federal Court Jurisdiction is **Federal Question.**

  A. Violation of Constitutional Rights

  a) Fourth Amendment

  b) Fifth Amendment

  c) Sixth Amendment

  d) Fourteenth Amendment

    **B.** Violation of Fair Housing Act

        **a)** Racial discrimination

        **b)** ADA Discrimination

        **c)** Harassment

    **C.** Violation of Civil and Equal Rights 28 U.S.C. 1343

        **a)** Racial discrimination

        **b)** ADA Discrimination

        **c)** Harassment

    **D.** Diversity of citizenship

        a)  Plaintiff was citizen of the State of Kansas

        b)  Defendant is a government body located in the State of Kansas

**III Statement of Claim(s)**

1. In or around September 2021 the Defendant through its employees and members removed property of the Plaintiff from real-property located at 723 Yoeke Street in Tonganoxie, Kansas without given Plaintiff Due Process before doing so.

- Some of the items removed includes: Functional Cub Cadet riding mower, complete aluminum patio set, functional 4 wheeler that had only been used twice, a dumpster cart that was in perfect condition, building supplies neatly stacked at the back of the property and the front of the property, a fairly new fiberglass ladder that was at least 24ft that was laid against the wall of the back of the house, two fossil/wood burning smokers that were in perfect condition located at the back of the property, a working portable gas air compressor that was located out of sight (between Plaintiff's dwelling and detached shed/garage that is located directly behind plaintiff's dwelling), a detached dog run that was also located out of sight (between Plaintiff's dwelling and detached shed/garage that is located directly behind plaintiff's dwelling), roofing material (TPO material, bars) that was out of sight (between Plaintiff's dwelling and detached shed/garage that is located directly behind plaintiff's dwelling). **These are items the Defendant had no business moving and no legal right to do.** 2005 Audi Convertible, 2017 Hyandai Elantra, 4x8 tilt trailer, approximately 5x8 enclosed trailer (filled with personal property), a utility trailer approximately 8x20', a heavy duty

> trailer approximately 8x18' **If, and I stress "If," the Defendant did have right to remove these items it was done inappropriately. Kansas Law required the items to be towed off within the guidelines of Kansas Tow Laws which required the parties responsible for tow to notify owner of property within 15 days after towing to allow owner to retrieve property towed. Notice was not given to Plaintiff that his property had been towed as required by Kansas law.**
>
> ●

2. In or around September 2021 the Defendant through its employees and members removed a structure of the Plaintiff from real-property located at 723 Yoeke Street in Tonganoxie, Kansas without given Plaintiff Due Process before doing so.

3. The City of Tonganoxie Kansas has an ongoing practice of citing Plaintiff, a black man, with violations (even going to the extent of making false claims) while conveniently overlooking real violations of white residents immediately surrounding Plaintiff's property.

   a) More specifically on or about October 8th 2021 Code Enforcement, employee of the City of Tonganoxie Kansas, came upon the property of Plaintiff and labeled Plaintiff's house a Dangerous structure. Plaintiff's property did not and does not pose any dangerous threat to anyone within the property or surrounding the properties, furthermore during a "hearing" Plaintiff asked members of City Council specifically what made his property a dangerous structure and none of the members of the City Council or any employees of the City provided any specifics as to what made Plaintiff's structure dangerous, however they did make false claims of conditions of Plaintiff property and claims of conditions of the inside of Plaintiff property that were not only untrue but even if true could have not been discovered without actually entering the dwelling of Plaintiff . Plaintiff asked numerous times, even demanded specifics, and no specifics were given. Some of the claims made, although not elements of dangerous structure, included:

- Dwelling not having ventilation. (The dwelling has all new windows around it.)
- No Lighting. (The property has lights in each room)
- No Sanitation areas. (The dwelling has two restrooms and a kitchen that could be used if someone was living in the dwelling)
- Dwelling filled with debris. (The photo they presented, which by the way was taken illegally, only showed a stack of new fence panels, a pool table, a tote, and almost nothing else.)
- No utilities turned on. (There's no one living in the dwelling.)
- Egress around all doors (There's no one living in the dwelling and there was no evidence of all doors not have

Several properties of White neighbors actually have dangerous structures, including porches falling in and incomplete partial structures that have been around for years (at least before plaintiff purchased his property.) They however never had their property marked as a dangerous structure.

4. ) On or about December 19, 2021 Defendant through members of its City Council and Mayor held a bias hearing that according to their own laws/ordinances and the laws of Kansas should have never taken place. Its own procedures according to City Ordinance required that the Plaintiff in this case be given notice of issue by City's Code Enforcer and opportunity to resolve issues before scheduling hearing. That never happened. Instead of following its procedure, they immediately scheduled hearing not giving the Plaintiff in the Plaintiff in this case Due Process required.

The Defendant was also required to provide to Plaintiff in this case **specific detailed issues to resolve** and opportunity to resolve issues before having an official hearing of such matter. That did not happen. As a matter of fact the Plaintiff in this case demanded specifics during hearing of this matter and they still did not provide specifics, which was required. Any person with common sense would know a person cannot resolve issue if he/she does not have knowledge of exactly what the issue is.

5. On or about the month of October 2021 the Defendant labeled a Dangerous Structure, which was clearly a lie an attempt to tare down the Dwelling of Plaintiff. Labeling Plaintiff's dwelling as dangerous structure was done immediately after Defendant had allegedly abated all conditions of nuisance that allegedly existed before labeling structure dangerous. Labeling Plaintiff's Dwelling as dangerous structure also immediately took place after the Defendant cause damage to Plaintiff's dwelling by partially knocking down a flower-bed that was constructed of bricks. Also note that member of City Council pointed to the damages in a picture during inappropriate hearing and suggested that the structure's foundation was damaged. It wasn't a foundation. It was a flower-bed. The structure is older mobile-home that has been remodeled. The foundation is a solid beam of steel which was not damaged at all. These actions were clearly done to deny Plaintiff Due process.

6. On or about December 19, 2021 Defendant held a bias hearing that legally never should have taken place, presented what they claimed was evidence that was illegally produced by coming on Plaintiff's property and illegally taking photographs of inside Plaintiff's dwelling, and illegally coming to bias decision to condemn and remove Plaintiff's dwelling. It was extremely clear there was no evidence provided to justify their decision. It was extremely clear they had violated due process and even brought up during hearing. It was also clear that allege nuisance did exist.

    a. ) One of the claimed nuisances was that the Plaintiff had debris of trash stacked up in his dwelling. The picture they produced as claim evidence clearly showed that was a lie. Defendant produced a photo o a room where there was a pool table with a tote on top of it that had new building supplies such as fencing and doors and the walls and ceiling was clearly visible. However the Defendant had no issue when previous White owners actually did have literally tons of trash piled up to the ceiling. Plaintiff had four dumpsters full of trash (paper, pieces of trees, bits and pieces of torn property) removed from the property after purchasing it.

    The process extremely bias and done so to deliberately not give Plaintiff due process.

7. As mentioned in previous paragraph, Defendant came onto Plaintiff's property and took pictures of the inside of Plaintiff's dwelling, which violated Plaintiff's rights by executing an illegal search while illegally trespassing.

**IV Relief**

Plaintiff is asking that the court rewards 1.5 million dollars including actually damages, punitive damages, and emotional distress due to the actions of Defendant being deliberate infliction.

$50,000 actual damages

**V Wrongs alleged in complaint are continuing to occur**

**VI Actual Damages are $50,000**

**VII Punitive Damages are claimed**

Defendant actions are intentional and has, as it would to anyone, brought huge amount of anxiety and stress upon Plaintiff

**VIII Administrative Procedures:**

A. Claims similar to this civil action have been presented to District Court of Kansas in Leavenworth Kansas by filing petition on January 19th, 2022, however Plaintiff in this matter, which is also Plaintiff in other Civil matter, will motion to dismiss case in Kansas District court upon this case being accepted. Due to issues and previous experiences the Plaintiff feel that higher non-bias court would be more acceptable.

Designation for place of trial Kansas City, Kansas

**IX Related Litigation:**

**None**

Respectfully Submitted by

*Andy T.L. Williamson*
PO Box 11232
Kansas City, Missouri 64119
913-967-9578
tlone1974@gmail.com