UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDY T.L. WILLIAMSON,

    Plaintiff,

    v.

CITY OF TONGANOXIE, KANSAS,

    Defendant.

Case No. 22-2173-TC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Andy Williamson's ("Williamson") Motion to Recuse. (ECF 13.) Williamson requests that the undersigned "recuse herself in matters of this case due to very questionable impartiality she has displayed so far in this case." (*Id.* at 1.) For the reasons explained in more detail below, Williamson's motion is denied.

Two federal statutes govern judicial recusal: 28 U.S.C. §§ 144[1] and 455. Williamson's motion relies on § 455(a). (*Id.* at 1.) This statutory subsection requires a judge to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned." The goal of section 455(a) is to avoid even the appearance of partiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019).

---

[1] Section 144 provides that a judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Conclusions, beliefs, and opinions are insufficient to meet a movant's requirement. *Id.* Williamson's motion is denied under this statute for essentially the same reasons as the court denies the motion under § 455. *See Vazirabadi v. Denver Health & Hosp. Auth.*, 782 F. App'x 681, 685 (10th Cir. 2019) (explaining that § 455(b)(1) "duplicates the grounds for recusal set forth in § 144").

The test for determining impartiality is an objective one. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Under § 455(a), a judge must recuse "when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). But § 455(a) must not be construed so broadly that it mandates recusal based on unsubstantiated suggestions of bias. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see also David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (explaining that a judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is"). In fact, a judge has a duty to sit when there is no legitimate reason for him to recuse himself. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.

Courts must exercise great care in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device); *see also, e.g., In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("[T]he disqualification decision must reflect … the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."); *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly … because a change of umpire in mid-contest may require a great deal of work to be redone .. and facilitate judge-shopping."). The party moving for disqualification bears

the burden of proof.  *Burke*, 935 F.3d at 1054; *see also Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (characterizing the burden as a heavy one).

Here, Williamson complains that the court (1) withheld service of summons on defendant City of Tonganoxie, Kansas ("the City") "without cause" for two months after the complaint's filing; and (2) resolved every disagreement at the October 4 scheduling conference in the City's favor, while refusing Williamson's suggestions and reasons.  (ECF 13, at 1-2.)  Specifically, Williamson contends the court unfairly set discovery to close within three months and failed to account for "the huge amount [of] evidence including information from Leavenworth County Kansas, City of Tonganoxie Kansas, Citizens of Tonganoxie Kansas (current and past), [and] unknown-third party entities the Defendant has hired/contracted to complete tasks, etc."  (*Id.* at 1.) He also criticizes the court for limiting the number of depositions by each party to ten depositions and limiting the number of interrogatories to 25 per party, rather than giving Williamson the 60 interrogatories he requested.  Williamson further contends that the court used a draft scheduling order that he had not reviewed before it was submitted to the court and that the court was argumentative and interrupted him during the conference.  (*Id.* at 2.)  Finally, Williamson complains that the undersigned would not guarantee "availability during possible Depositions." (*Id.* at 3.)

The court has carefully considered Williamson's motion and concludes these are not circumstances where a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  First, the court withheld service of summons because Williamson filed, and the court granted, a motion to proceed *in forma pauperis* ("IFP"), in which case 28 U.S.C. § 1915(e)(2)(B) requires the court to screen the complaint for merit before ordering the U.S. Marshals Service ("USMS") to serve the complaint.  (*See* ECF 3, 5, 7.)  Because Williamson's

3

complaint stated he had filed similar claims against the City in state court (ECF 1, at 6), the court ordered and reviewed certain filings from the related state court proceedings to ensure that Williamson had plausibly stated at least one claim in his federal complaint on which relief may be granted. (ECF 7.) This caused an approximately one-month delay in service of summons, which would not cause a reasonable person to harbor doubts about the court's impartiality. Moreover, if Williamson wanted to avoid the delay caused by the screening process, he could have paid the filing fee and had the clerk issue summons to Williamson himself so that he could have effectuated service on the City rather than proceeding IFP, so as to have to wait on the merit screening process that is statutorily required by § 1915(e)(2)(B) and on the USMS to serve the summons on the City.

Second, Williamson's arguments concerning the scheduling conference amount to disagreements with the court's rulings and the fact that these rulings were adverse to Williamson. Adverse rulings generally do not form a basis for disqualification because only in the "rarest circumstances" would they evidence a significant degree of favoritism or antagonism. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (adverse rulings themselves do not support a bias charge and are grounds for appeal, not recusal); *Hall v. Doering*, 185 F.R.D. 639, 643 (D. Kan. 1999) ("Recusal statutes are meant to shield litigants from biased and prejudiced judges, and not as a means of protesting court orders and procedures with which litigants disagree."). Williamson points to nothing in the scheduling order that would suggest favoritism or antagonism. After giving consideration to the claims in the case and the information the parties will need to obtain through discovery, the court concluded that this case was a relatively simple case that would require only three months for

discovery, which is in line with this District's form scheduling order.[2] The court is dutybound to set case management deadlines that further the "just, speedy, and inexpensive determination of [this] action." (ECF 14, at 1 n.1 (quoting FED. R. CIV. P 1).)

Likewise, the court concluded there was no reason, at this time, to deviate from the default limits on interrogatories and depositions set forth in the Federal Rules of Civil Procedure. The court explained during the scheduling conference that it was *not* ruling that these default limits under the Federal Rules would govern the case indefinitely. Rather, the court imposed the default limits under the Federal Rules for the time being and advised Williamson of the procedure to follow as discovery proceeds if he determined that he really needs additional interrogatories and depositions beyond the default limits under the Federal Rules, including meeting and conferring with opposing counsel to see if the parties could reach agreement on increasing the numbers. The court further instructed Williamson that, if agreement cannot be reached, the parties should request a discovery conference, at which time the court and the parties will discuss the need for additional discovery.

Furthermore, to address Williamson's concerns at the scheduling conference that the court was using a draft scheduling document he had not reviewed, the undersigned told the parties that she had revised the draft scheduling order that was submitted by the parties[3] and would be issuing a scheduling order that reflected the rulings she made during the scheduling conference. The court informed Williamson that if he had questions or concerns about the scheduling order that is entered, he could contact her chambers to request a follow-up conference. Williamson, however,

---

[2] *See* https://ksd.uscourts.gov/index.php/forms/ (form scheduling order suggests three months of discovery in a relatively simple case and up to six months of discovery in a complex case).

[3] Williamson admits this. (*See* ECF 13, at 2.)

insisted on re-arguing the length of the discovery period—an issue the court had already decided. When the court interrupted Williamson to inform him that the court had already ruled on the issue, he became increasingly combative because the court would not change its ruling. Though the court understands that Williamson was unhappy with the court's decision to adopt the more accelerated schedule proposed by the City, "Williamson is not excused from exercising appropriate decorum" and he certainly is not allowed to interrupt, speak over, or act belligerently toward the court just because he does not like the court's rulings. (ECF 14, at 1 n.1.) As stated above, adverse rulings are not a basis for recusal, nor has Williamson presented a circumstance where the court's impartiality might reasonably be questioned.

Lastly, Williamson's complaint that the court would not guarantee its "availability during possible Depositions" does not indicate an appearance of bias. The court never said the court is "backed up" and would not be available. To the contrary, the court informed the parties that it would certainly try to be available and even invited the parties to notify staff ahead of time if they expected issues to arise during a deposition, so that the court could make itself available or provide feedback as to when the court would be available should the parties need court involvement. At the same time, the court acknowledged it has other scheduled hearings on the calendar, so it could not guarantee availability to resolve disputes as they arise during the deposition. The court explained that a deposition can be reconvened, if needed, after the dispute is resolved. There is simply no appearance of bias in any of the court's actions taken at the scheduling conference.

In sum, the court concludes these are not circumstances where a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality under §455(a). Rather, it is apparent to the court that Williamson has simply decided to be disrespectful to the court because he is unhappy about and incapable of accepting unfavorable rulings. Such rhetoric

6

does nothing to further the orderly and efficient resolution of this case.  The undersigned therefore has a duty to sit and hear this case because there is no legitimate reason for recusal.

**IT IS THEREFORE ORDERED** that plaintiff Andy Williamson's Motion to Recuse (ECF 13) is denied.

**IT IS SO ORDERED.**

Dated October 7, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
